IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                       Criminal Action No. 3:02-cr-00348–JAG

AMAR MESSIAH GILMORE,

        Defendant.

## OPINION

In 2003, the defendant, Amar Gilmore, received a sentence enhancement based on his status as a career offender under the then-mandatory United States Sentencing Guidelines. Gilmore now claims that recent Supreme Court cases have rendered his enhancement unconstitutional and moves to vacate his sentence pursuant to 28 U.S.C. § 2255. The Court denies the motion because it is untimely.

## I. BACKGROUND

In December 2012, the defendant, Amar Gilmore, pled guilty to conspiracy to distribute 50 grams or more of cocaine base. On April 10, 2003, this Court sentenced Gilmore to 327 months in prison under the then-mandatory United States Sentencing Guidelines ("U.S.S.G."). Gilmore received an enhancement to his Guideline range in part due to his status as a career offender under U.S.S.G. § 4B1.2 for prior "crimes of violence" based on state convictions for felony assault and attempted robbery. Gilmore moved to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the premise that his enhancement under the then-mandatory U.S.S.G. violated his constitutional rights under the Supreme Court's rulings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). The Court held this

case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The issue is now ripe for decision.

## II. DISCUSSION

A one-year statute of limitations applies under 28 U.S.C. § 2255 for defendants challenging their sentences. Relevant here, the one-year limitation period runs from the latest of either the date that the conviction became final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(1), (3). The defendant's conviction became final in 2003, so he must rely on a newly recognized right.

*Johnson* and *Welch* together announced a retroactively applicable right that invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The defendant argues that these cases also established a new right as it relates to the identical language within the career offender enhancement of U.S.S.G. §§ 4B1.1 and 4B1.2 as it existed at the time of his sentencing. The Fourth Circuit has directly rejected that argument, however:

> Regrettably for Petitioner, the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, –– U.S. ––, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute, *Johnson*, 135 S.Ct. at 2555–56. *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.

*United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) ("[T]he *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges."). This Court has repeatedly recognized that

2

*Johnson* and *Beckles* do not, together, form a new right for defendants sentenced as career offenders even under the mandatory U.S.S.G. *See Gadsden v. United States*, 294 F. Supp. 3d 516 (E.D. Va. 2018) (Smith, C.J.); *Dedmon v. United States*, No. 2:03CR23, 2018 WL 1406634, at *2 (E.D. Va. Mar. 7, 2018) (Smith, C.J.); *United States v. Oliver*, No. 3:99CR321, 2018 WL 1902686, at *4 (E.D. Va. Apr. 20, 2018) (Lauck, J.).

The Supreme Court has not recognized a new right available to defendants sentenced under the career offender provision of the U.S.S.G., and Gilmore's motion is therefore untimely.

### III. CONCLUSION

For the reasons stated above, the Court denies the defendant's motion under 28 U.S.C. § 2255 as untimely.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: May 30, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge